UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN D. COPELAND,

    Petitioner,

vs.                          Case No. 3:15-cv-766-J-39JBT

SECRETARY, DOC, et al.,

    Respondents.

## **ORDER**

Respondents, in their Response to Amended Petition for Writ of Habeas Corpus (Response) (Doc. 15), contend that Petitioner has failed to comply with the one-year limitation period. Respondents provide exhibits in support of this contention. (Doc. 15).[1] Petitioner was given admonitions and a time frame to respond to the request to dismiss the Amended Petition contained within the Response. See Court's Order (Doc. 6). Petitioner filed a Reply to State's Response to Amended Petition for Writ of Habeas Corpus (Reply) (Doc. 18).

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

---

[1] The Court refers to the Respondents' Exhibits to Response to Amended Petition for Writ of Habeas Corpus as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the Court will reference the page number on the particular document. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Upon review, Sandra E. Copeland, a person claiming to be Petitioner's biological mother, initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a

Person in State Custody (Petition) (Doc. 1) on June 24, 2015. The Petition did not include the original signature of Petitioner in accordance with Rule 11, Fed. R. Civ. P., and Local Rule 1.05(d). As such, the Court ordered Petitioner to file a signed Amended Petition in compliance with Rule 11 as he is not represented by counsel. Order (Doc. 3). Petitioner filed a signed Amended Petition (Doc. 4) on July 20, 2015, pursuant to the mailbox rule.[2] In the Amended Petition, Petitioner challenges his 2009 Duval County conviction for three counts of armed robbery (counts 1, 3, and 4), one count of armed burglary (count 5), and one count of burglary of a dwelling (count 6).

Respondents provide a procedural history in the Response. The Court will provide a brief procedural history in order to address the request to dismiss. Petitioner entered and the trial court accepted a plea of guilty. Ex. 3; Ex. 4. On May 6, 2009, judgment and sentence were entered. Ex. 5. Thereafter, the First District Court of Appeal (1st DCA) granted a belated appeal. Ex. 6E. On direct appeal, counsel filed an Anders brief. Ex. 7. The 1st DCA

---

[2] The Amended Petition was filed with the Clerk on July 27, 2015; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Amended Petition was filed on the date Petitioner provided his Amended Petition to prison authorities for mailing to this Court (July 20, 2015). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

3

affirmed per curiam on September 28, 2011.  Ex. 9.  The mandate issued on October 25, 2011.  Id.  The conviction became final on Tuesday, December 27, 2011 (90 days after September 28, 2011) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

The limitation period began to run on December 28, 2011, and ran for 35 days, until Petitioner filed a Rule 3.850 motion in the circuit court on February 1, 2012.  Ex. 10.  The circuit court denied the Rule 3.850 motion in two orders, one filed on April 10, 2013 and one entered on August 7, 2013.  Ex. 13; Ex. 15.  The one-year limitation period was tolled until April 28, 2014, when the mandate issued.  Ex. 20.  The limitation period began to run on April 29, 2014, and the one-year period expired 330 days later, on Wednesday, March 25, 2015.

Although Petitioner filed a document entitled "Application for Writ of Habeas Corpus" (Application) pursuant to Rule 3.850(m), this second Rule 3.850 motion filed on July 28, 2014, Ex. 21, did not serve to toll the one-year limitation period.  An explanation follows.

Rule 3.850(m), Fla. R. Crim. P., provides:

> An application for writ of habeas corpus
> on behalf of a prisoner who is authorized to

> apply for relief by motion pursuant to this rule shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court that sentenced the applicant or that the court has denied the applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of the applicant's detention.

The Application challenged the legality of Petitioner's detention. Ex. 21 at 1. Prior to obtaining a ruling on the Application, Petitioner filed a Notice of Voluntary Dismissal with the circuit court on June 4, 2015, and the Court dismissed the Application without prejudice. Ex. 22.

Petitioner, in his Reply, urges this Court to find that the pendency of the Application tolled the limitation period. See Reply at 1-2. The Court is not persuaded by Petitioner's argument. The Application was untimely filed, beyond the two-year period to file a Rule 3.850 motion, and the Application does not fit any of the exceptions to that limit. See Rule 3.850(b), Fla. R. Crim. P.

As previously noted, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d). "In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." Pace

v. DiGuglielmo, 544 U.S. 408, 413 (2005). Contrary to Petitioner's argument in his Reply, an untimely state post conviction petition does not toll the statute of limitations, even if Petitioner thought it would and the state court did not dismiss it as untimely. Id. (determining that 2244(d)(2) will not be considered a *de facto* extension mechanism).

If there had been a state court determination of untimeliness, this Court would defer to the determination. Allen v. Siebert, 552 U.S. 3, 7 (2007) (per curiam); Sykosky v. Crosby, 187 F. App'x 953, 958 (11th Cir. 2006) (per curiam), cert. denied, 549 U.S. 1141 (2007); Rollins v. McNeil, No. 4:09cv319-RS-WCS, 2010 WL 3001440, at *2 (N.D. Fla. June 14, 2010) (not reported in F.Supp.2d), report and recommendation adopted by 2010 WL 3001436 (N.D. Fla. July 27, 2010) (not reported in F.Supp.2d). In this instance, there was no state court determination of untimeliness; instead, upon Petitioner's notice of voluntary dismissal, the state court dismissed the Application without prejudice.

This Court must address the question as to whether the Application was properly filed, and the Eleventh Circuit has provided guidance:

> Although the federal statute does not define "properly filed," the Supreme Court has construed those words. See Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Specifically, "an application is '*properly* filed' when its delivery and acceptance are in

> compliance with the applicable laws and rules governing filings." <u>Artuz</u>, 531 U.S. at 8, 121 S.Ct. at 364. The <u>Artuz</u> Court explained that the laws and rules about filings "usually prescribe, for example, the form of the document, **the time limits upon its delivery** [and] the court and office in which it must be lodged...." <u>Id</u>. at 8, 121 S.Ct. at 364. Moreover, an application that was erroneously accepted without complying with procedural requirements will be pending, but it will not be "properly filed." <u>Id</u>. at 9, 121 S.Ct. at 364. "Quite simply, the Supreme Court said that 'when a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2),' because, 'time limits, no matter their form, are 'filing' conditions.'" <u>Sweet v. Sec'y, Dep't of Corr.</u>, 467 F.3d 1311, 1316 (11th Cir. 2006) (citing <u>Pace</u>, 544 U.S. at 414, 417, 125 S.Ct. at 1812, 1814) (alterations omitted). Under <u>Artuz</u>, we give "due deference" to state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed" under § 2244(d)(2), see <u>Wade v. Battle</u>, 379 F.3d 1254, 1260 (11th Cir. 2004), but those rules must be "firmly established and regularly followed," see <u>Siebert v. Campbell</u>, 334 F.3d 1018, 1025 (11th Cir. 2003).

<u>Delguidice v. Florida Dept. Of Corrections</u>, 351 F. App'x. 425, 427 (11th Cir. 2009) (per curiam), <u>cert</u>. <u>denied</u>, 562 U.S. 844 (2010). In this regard, Petitioner has not established the timely-filing requirement "is a rule that is not 'firmly established and regularly followed.'" <u>Id</u>. at 428-29.

This Court explained, "even if the state court had considered the motion, a federal court must independently determine whether the motion was 'properly filed' within the meaning of the federal one-year limitation." <u>Matthews v. Sec'y, Dep't of Corr.</u>, No. 8:14-

7

cv-1758-T-23AEP, 2014 WL 6801813, at *2 (M.D. Fla. Dec. 2, 2014) (not reported in F.Supp.3d). The Court finds that the Application, the second Rule 3.850 motion, was filed beyond the applicable two-year period for filing, see Rule 3.850(b), and Petitioner acquired no tolling because it was not properly filed. It matters not that the state circuit court dismissed the Application without prejudice. See Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000) (per curiam) (finding a post conviction motion not properly filed does not toll the limitation period under AEDPA, even if the state court dismisses it without prejudice to re-filing), cert. denied, 532 U.S. 1013 (2001); Brace v. Fla. Dep't of Corr., No. 3:16cv147/LAC/EMT, 2017 WL 2374826, at *4 (N.D. Fla. May 1, 2017) (same, even if the state court accepts the motion), report and recommendation adopted by 2017 WL 2371819 (N.D. Fla. May 31, 2017).

The time limit is a filing condition; therefore, the Application was pending, but not properly filed as it was filed in excess of two years from October 25, 2011, the date the appellate mandate issued. See Saavedra v. State, 59 So.3d 191, 192 (Fla. 3d DCA 2011). As such, the Court concludes that the Application was not properly filed and it failed to toll the federal limitation period.

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year

limitation period should not be imposed upon him. Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing that equitable tolling is warranted.[3] Additionally, Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).[4]

Accordingly, it is now

**ORDERED:**

1. The Amended Petition and the case are **DISMISSED WITH PREJUDICE.**

2. The **Clerk** shall enter judgment dismissing the Amended Petition with prejudice and dismissing the case with prejudice.

---

[3] In order to be entitled to equitable tolling a petitioner is required to demonstrate two criteria: (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely filing. Agnew v. Florida, No. 16-14451, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by No. 1614451, 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). It is the petitioner's burden of persuasion, and this Petitioner has not asserted that he is entitled to equitable tolling or met the burden. See Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (11th Cir. 2012)), cert. denied, 135 S.Ct. 1171 (2015). Instead, Petitioner contends his Amended Petition was timely filed. Amended Petition at 16; Reply at 1-2. As stated above, the Court finds that the Amended Petition is untimely filed.

[4] In his grounds for habeas relief, Petitioner claims that he received the ineffective assistance of counsel and was deprived of his due process and equal protection rights. Amended Petition at 7. He does not, however, claim actual innocence, see Amended Petition & Reply, and has failed to demonstrate that he has new evidence establishing actual innocence.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Amended Petition, the Court denies a certificate of appealability.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of November, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 10/23
c:
John D. Copeland
Counsel of Record

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.